6599.5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

S.G., individually and as guardian )
of H.C., )
                                     )
               **Plaintiffs,** )
                                      )     **Case No. 20-2078**
    **v.** )
                                        )
**SHAWNEE MISSION UNIFIED** )
**SCHOOL DISTRICT NO. 512, et al.,** )
                                      )
              **Defendants.** )

## ANSWER OF DEFENDANT UNIFIED SCHOOL DISTRICT NO. 512, JOHNSON COUNTY, KANSAS

**COMES NOW** Defendant Unified School District No. 512, Johnson County, Kansas ("Defendant") by and through its attorneys, McAnany, Van Cleave & Phillips, P.A., and for its answer to Plaintiff's Complaint (ECF No. 1-1)[1] states as follows:

1.      Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 1 of Plaintiffs' Complaint (ECF No. 1-1). However, Defendant USD No. 512 does not contest H.C.'s stated date of birth and admits that H.C. was, at one point in time, a student enrolled in Defendant USD No. 512 where she attended Bluejacket-Flint Elementary School.

2.      Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 2 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

---

[1]    Because this action was originally filed in state court, Plaintiffs' pleading is titled "Petition" in accordance with the nomenclature dictated by K.S.A. 60-207. Now that this case has been removed to federal court, Defendants will refer to Plaintiffs' pleading as a "complaint" in accordance with Fed.R.Civ.P.

3.      The allegations set forth in paragraph no. 3 of Plaintiff's Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.  To an extent an answer is required, the allegation is denied.

4.      Defendant USD No. 512 admits that it is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-1131, *et seq.* Fed.R.Evid. 201.

5.      With regard to the allegations set forth in paragraph no. 5 of Plaintiffs' Complaint (ECF No. 1-1) Defendant USD No. 512 admits that Defendant Ousley is the current President of Defendant USD No. 512's Board of Education and has such statutory authority as is expressed in K.S.A. 72-1133.

6.      With regard to the allegations set forth in paragraph no. 6 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that Defendant Pendland was principal of Bluejacket-Fling during the 2018-19 school year.

7.      With regard to the allegations set forth in paragraph no. 7 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that Defendant Smith was employed as a teacher assigned to Bluejacket-Flint during the 2018-19 school year.

8.      The allegations set forth in paragraph no. 8 of Plaintiffs' Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.   Defendant USD No. 512 denies jurisdiction exists over all of Plaintiffs' claims. To the extent jurisdiction exists, venue is not contested in the United States District Court for the District of Kansas.

9.      Defendant USD No. 512 admits only that Plaintiffs provided Defendant USD No. 512 with written notice on the date referenced. Defendant USD No. 512 denies that this document

satisfies the requirements of K.S.A. 12-105b and the remaining allegations of paragraph no. 9 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

10.     Defendant USD No. 512 admits the allegations set forth in paragraph no. 10 of Plaintiffs' Complaint (ECF No. 1-1)

11.     With regard to the allegations set forth in paragraph no. 11 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that Defendant Smith was employed as a teacher assigned to Bluejacket-Flint during the 2018-19 school year.

12.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 12 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

13.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 13 of Plaintiff's Complaint (ECF No. 1-1).

14.     With regard to the allegations set forth in paragraph no. 14 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that Defendant Smith was employed as a teacher assigned to Bluejacket-Flint during the 2018-19 school year and that H.C. was in Defendant Smith's kindergarten class.

15.     Defendant USD No. 512 assumes that Plaintiffs' reference to February 21, 2018 is a typographical error and that Plaintiffs intended to refer to February 21, 2019 and with that assumption Defendant USD No. 512 admits the allegations in paragraph no. 15 of Plaintiffs' Complaint (ECF No. 1-1).

16.     Defendant USD No. 512 admits the allegations set forth in paragraph no. 16 of Plaintiffs' Complaint (ECF No. 1-1)

17.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 17 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

18.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 18 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

19.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 19 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

20.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 20 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

21.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 21 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

22.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 22 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

23.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 23 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

24.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 24 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

25.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 25 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

26.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 26 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

27.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 27 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

28.     With regard to the allegations set forth in paragraph no. 28 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that at some point H.C. sat down on the floor next to the bookshelves.

29.     With regard to the allegations set forth in paragraph no. 29 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that at some point the other children exited the library.

30.     With regard to the allegations set forth in paragraph no. 30 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that at some point H.C. crawled into a bookshelf opening.

31.    With regard to the allegations set forth in paragraph no. 31 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that Defendant Smith did speak to the librarian on February 18, 2019.

32.    With regard to the allegations set forth in paragraph no. 32 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that Defendant Smith removed H.C. from the bookshelf.

33.    Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 33 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

34.    Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 34 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

35.    Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 35 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

36.    Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 36 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

37.    Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 37 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

38.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 38 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

39.     Defendant USD No. 512 admits the allegations set forth in paragraph no. 39 of Plaintiffs' Complaint (ECF No. 1-1).

40.     With regard to the allegations set forth in paragraph no. 40 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits there is video footage of the library on February 18, 2019.

41.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 41 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

42.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 42 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

43.     With regard to the allegations set forth in paragraph no. 43 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that at some point S.G. went to the school and met with school officials concerning the incident involving H.C.

44.     With regard to the allegations set forth in paragraph no. 44 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that S.G. met at some point with Kaitlin Barnard.

45.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 45 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

46.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 46 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

47.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 47 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

48.     Defendant USD No. 512 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 48 of Plaintiffs' Complaint (ECF No. 1-1), and therefore denies the same.

49.     With regard to the allegations set forth in paragraph no. 49 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that S.G. met with Defendant Pendland.

50.     The allegations set forth in paragraph no. 50 of Plaintiff's Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.  To an extent an answer is required, the allegation is denied.

51.     With regard to the allegations set forth in paragraph no. 51 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that it has a policy concerning ESI outlined in Board Policy GAAF.

52.     With regard to the allegations set forth in paragraph no. 52 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits it has a policy concerning ESI outlined in Board Policy GAAF.

53.     With regard to the allegations set forth in paragraph no. 53 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits S.G. submitted release of records form on March 4, 2019.

54.     With regard to the allegations set forth in paragraph no. 54 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits the emergency safety intervention parent notification letter is dated February 27, 2019.

55.     With regard to the allegations set forth in paragraph no. 55 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits S.G. received an emergency safety intervention parent notification letter.

56.     With regard to the allegations set forth in paragraph no. 56 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits S.G. received an emergency safety intervention parent notification letter.

57.     With regard to the allegations set forth in paragraph no. 57 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that it has a policy concerning ESI outlined in Board Policy GAAF.

58.     With regard to the allegations set forth in paragraph no. 58 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits that it has a policy concerning ESI outlined in Board Policy GAAF.

59.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 59 of Plaintiffs' Complaint (ECF No. 1-1).

60.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 60 of Plaintiffs' Complaint (ECF No. 1-1).

61.     The allegations set forth in paragraph no. 61 of Plaintiff's Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied.

62.      The allegations set forth in paragraph no. 62 of Plaintiff's Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.  To an extent an answer is required, the allegation is denied.

63.      With regard to the allegations set forth in paragraph no. 63 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits it adopts policies.

64.      With regard to the allegations set forth in paragraph no. 64 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits it has Board Policy GAAF.

65.      With regard to the allegations set forth in paragraph no. 65 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits it has Board Policy GAAF.

66.      With regard to the allegations set forth in paragraph no. 66 of Plaintiffs' Complaint (ECF No. 1-1), Defendant USD No. 512 admits it has Board Policy GAAF.

**COUNT I: VIOLATIONS OF 42 U.S.C. § 1983 FOR DENIAL OF H.C.'S LIBERTY INTEREST IN BODILY INTEGRITY UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT**
**(Plaintiffs v. Defendant Smith)**

67.      Defendant incorporates by reference its responses to paragraph nos. 1-66 herein.

68.      The allegations set forth in paragraph no. 68 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph no. 68 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

69.      The allegations set forth in paragraph no. 69 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph no. 69 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

70.     The allegations set forth in paragraph no. 70 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph no. 70 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

71.     The allegations set forth in paragraph no. 71 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph no. 71 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

72.     The allegations set forth in paragraph no. 72 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph no. 72 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

73.     The allegations set forth in paragraph no. 73 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph no. 73 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

74.     The allegations set forth in paragraph no. 74 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph no. 74 of Plaintiffs' Complaint (ECF No. 1-1) are denied.

75.     The allegations set forth in paragraph no. 75 of Plaintiffs' Complaint (ECF No. 1-1) are not directed to this answering Defendant and, therefore, no answer is required of this

defendant. If such answer is required, the allegations set forth in paragraph no. 75 of Plaintiffs'

Complaint (ECF No. 1-1) are denied.

76.     The allegations set forth in paragraph no. 76 of Plaintiffs' Complaint (ECF No. 1-

1) are not directed to this answering Defendant and, therefore, no answer is required of this

defendant. If such answer is required, the allegations set forth in paragraph no. 76 of Plaintiffs'

Complaint (ECF No. 1-1) are denied.

77.     The allegations set forth in paragraph no. 77 of Plaintiffs' Complaint (ECF No. 1-

1) are not directed to this answering Defendant and, therefore, no answer is required of this

defendant. If such answer is required, the allegations set forth in paragraph no. 77 of Plaintiffs'

Complaint (ECF No. 1-1) are denied.

78.     The allegations set forth in paragraph no. 78 of Plaintiffs' Complaint (ECF No. 1-

1) are not directed to this answering Defendant and, therefore, no answer is required of this

defendant. If such answer is required, the allegations set forth in paragraph no. 78 of Plaintiffs'

Complaint (ECF No. 1-1) are denied.

79.     The allegations set forth in paragraph no. 79 of Plaintiffs' Complaint (ECF No. 1-

1) are not directed to this answering Defendant and, therefore, no answer is required of this

defendant. If such answer is required, the allegations set forth in paragraph no. 79 of Plaintiffs'

Complaint (ECF No. 1-1) are denied.

### COUNT II: VIOLATIONS OF 42 U.S.C. § 1983 FOR DENIAL OF E.G.'S LIBERTY INTEREST IN BODILY INTEGRITY UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT – FAILURE TO TRAIN AND SUPERVISE
### (Plaintiffs v. District)

80.     Defendant incorporates by reference its responses to paragraph nos. 1-79 herein.

81.     Defendant USD No. 512 admits that it is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-1131, *et seq.* Fed.R.Evid. 201.

82.     With regard to the allegations set forth in paragraph no. 82 of Plaintiffs' Complaint (ECF No. 1-1) Defendant USD No. 512 admits that Defendant Ousley is the current President of Defendant USD No. 512's Board of Education and has such statutory authority as is expressed in K.S.A. 72-1133.

83.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 83 of Plaintiffs' Complaint (ECF No. 1-1).

84.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 84 of Plaintiffs' Complaint (ECF No. 1-1).

85.     The allegations set forth in paragraph no. 85 of Plaintiff's Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant. Defendant USD No. 512 denies it failed to adequately train teachers.

86.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 86 of Plaintiffs' Complaint (ECF No. 1-1).

87.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 87 of Plaintiffs' Complaint (ECF No. 1-1).

88.     Defendant USD No. 512 denies the allegations set forth in paragraph no. 88 of Plaintiffs' Complaint (ECF No. 1-1).

## COUNT III: NEGLIGENT TRAINING/SUPERVISION
### (Plaintiffs v. District and Pendland)

89.     Defendant incorporates by reference its responses to paragraph nos. 1-88 herein.

13

90.    The allegations set forth in paragraph no. 90 of Plaintiff's Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.  To an extent an answer is required, the allegation is denied.

91.    Defendant USD No. 512 denies the allegations set forth in paragraph no. 91 of Plaintiffs' Complaint (ECF No. 1-1).

92.    Defendant USD No. 512 denies the allegations set forth in paragraph no. 92 of Plaintiffs' Complaint (ECF No. 1-1).

93.    Defendant USD No. 512 denies the allegations set forth in paragraph no. 93 of Plaintiffs' Complaint (ECF No. 1-1).

## COUNT IV: NEGLIGENT HIRING
### (Plaintiffs v. SMSD and Pendland)

94.    Defendant incorporates by reference its responses to paragraph nos. 1-93 herein.

95.    The allegations set forth in paragraph no. 95 of Plaintiff's Complaint (ECF No. 1-1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.  To an extent an answer is required, the allegation is denied.

96.    Defendant USD No. 512 denies the allegations set forth in paragraph no. 96 of Plaintiffs' Complaint (ECF No. 1-1).

97.    Defendant USD No. 512 denies the allegations set forth in paragraph no. 97 of Plaintiffs' Complaint (ECF No. 1-1).

98.    Defendant USD No. 512 denies the allegations set forth in paragraph no. 98 of Plaintiffs' Complaint (ECF No. 1-1).

99.    Defendant USD No. 512 denies that its conduct has caused Plaintiffs any damages.

100.    Defendant USD No. 512 denies the nature and extent of Plaintiffs' claimed injuries.

101.    Defendant USD No. 512 denies that Plaintiffs are entitled to any of the damages or relief requested in the *ad damnum* clauses on pages 10-13 of Plaintiffs' Complaint (ECF No. 1-1).

102.    Plaintiffs' demand for a jury trial contained on page 13 of their Complaint (ECF No. 1-1) does not lend itself to either admission or denial.   Defendant denies that Plaintiffs are entitled to a jury trial on some or all of their claims.

103.    Defendant USD No. 512 denies each and every allegation, including portions thereof, contained within Plaintiffs' Complaint (ECF No. 1-1) which has not been specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint (ECF No. 1-1), or parts thereof, fails to state a claim upon which relief can be granted.

2.    The Court lacks subject matter jurisdiction over all, or part, of Plaintiffs' claims.

3.    Plaintiffs lack standing to pursue some, or all, of their claims.

4.    Defendant USD No. 512 owed no duty or obligation to Plaintiffs which has alleged to have been breached.

5.    Defendant USD No. 512 denies that any of its employees or agents, acting within the course and scope of their agency or employment, violated any duty owed to or caused any damage or injury to Plaintiffs.

6.    Defendant USD No. 512 has no municipal policy or custom which violates the rights of Plaintiffs.

7.    Plaintiffs have failed to sufficiently plead grounds for municipal liability against Defendant USD No. 512.

8.     Defendant USD No. 512 has no respondeat superior liability for the acts or omissions of Defendant Smith (or any of its employees).

9.     Any alleged failure by Defendant USD No. 512 to train or supervise Defendant Smith (or any of its employees) was not the cause of the actions complained of by Plaintiffs, nor was it the proximate cause of any damage Plaintiffs' claims.  Defendant Smith (or any other employee) already knew it was wrong to engage in the complained of actions, so any training on this topic by Defendant USD No. 512 would have been redundant of the knowledge that Defendant Smith (and other employees) already possessed.

10.     Plaintiffs have failed to mitigate their damages, if any.

11.     Plaintiffs' damages, if any, are limited, in whole or in part, by the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

12.     The damages sought by Plaintiffs are based on pure speculation and are therefore not recoverable against this Defendant USD No. 512.

13.     Plaintiffs' claims for equitable relief, if any, are barred, in whole or in part, by the existence of an adequate remedy at law and are moot.

14.     All applicable statutory caps for damages limit any damages alleged to have been suffered or incurred by Plaintiffs, the existence of such damages Defendant USD No. 512 specifically denies.

15.     Plaintiffs' claims are barred or reduced, in whole or in part, by the Kansas Tort Claims Act, K.S.A. 70-6101, *et seq.*

16.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

17.     The alleged actions of Defendant Smith about which Plaintiffs complain were not taken under color of state law.

18.     Plaintiffs' claims are barred, in whole or in part, for Plaintiffs' failure to exhaust administrative remedies.

19.     Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to actually comply with K.S.A. 12-105b.

20.     Plaintiffs' claims are barred by the doctrine of preclusion or preemption.

21.     The alleged injuries and/or damages, if any, which Plaintiffs have alleged to have suffered, are the results of actions and/or negligence or inaction of the Plaintiffs themselves and/or parties other than this answering defendant herein and Plaintiffs' recovery, if any, against this answering Defendant USD No. 512 should be denied and/or reduced in accordance with Kansas law.

22.     Plaintiffs' contributory negligence and comparative fault, and/or the negligence or fault of others, bars Plaintiffs, in whole or in part, from recovering from Defendant USD No. 512.

23.     Defendant USD No. 512 is not subject to vicarious liability under § 1983.

24.     Plaintiffs' negligence claims are barred by the lack of physical injury.

25.     Plaintiffs' state law claims are foreclosed by the exceptions to the Kansas Tort Claims Act.

26.     Defendant USD No. 512, at all times, acted rationally, reasonably and in good faith, without fraud, malice or improper intent, and for legitimate reasons.

27.     This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling Defendant USD No. 512 to its costs, including reasonable attorneys' fees, incurred in defending this action.

28.     Defendant USD No. 512 reserves the right to assert any further defenses which may

become apparent during the course of discovery.

**WHEREFORE**, Defendant USD No. 512 respectfully requests that judgment be entered

in its favor and against Plaintiffs and that it be awarded its costs, including reasonable attorneys'

fees, incurred in defending this action and such other relief as deemed fair, just and equitable.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas  66103
Telephone:      (913) 371-3838
Facsimile:      (913) 371-4722
E-mail:ggoheen@mvplaw.com

By:   /s/ Gregory P. Goheen
          Gregory P. Goheen            #16291

Attorneys for Defendants Shawnee Mission Unified School
District No. 512, Heather Ousley and Teddi Pendland

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2020, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the
following:

Daniel R. Zmijewski
Christopher Dove
DRZ Law, LLC
8700 State Line Road, Suite 305
Leawood, KS 66206
Attorneys for Plaintiffs

James A. Durbin
Swanson Bernard, LLC
Plaza West Building
4600 Madison Avenue, Suite 600
Kansas City, MO 64112
Attorneys for Defendant Crystal Smith

/s/ Gregory P. Goheen