UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.G., individually and as guardian of H.C.,

    Plaintiff,

    v.                                           Case No. 20-2078-JAR

SHAWNEE MISSION SCHOOL DISTRICT
USD 512, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff brings this action on behalf of her minor daughter, H.C., against defendants, Shawnee Mission School District USD 512 ("SMSD") and Crystal Smith ("Smith"), alleging that on February 21, 2018, H.C. was subjected to physical abuse from her teacher, defendant Smith, at Bluejacket-Flint Elementary School. Plaintiff's complaint asserts a Section 1983 claim against each defendant and state-law negligence claims against defendant SMSD. Plaintiff now seeks leave to file an amended complaint that adds intentional tort claims for assault and battery against defendant Smith. The undersigned U.S. Magistrate Judge, James P. O'Hara, concludes plaintiff has failed to establish good cause for moving to amend after the deadline set by the scheduling order, and therefore

recommends the presiding U.S. District Judge, Julie A. Robinson, deny the motion to amend (ECF No. 52).[1]

## I. Background

On January 28, 2020, plaintiff filed this action in the District Court of Johnson County, Kansas, alleging violations of 42 U.S.C. § 1983 for denial of liberty interest against defendants Smith and SMSD, and state-law claims for negligent training/supervision and hiring against defendant SMSD.  Defendants removed the case to this court on February 24, 2020.[2]

On May 27, 2020, the undersigned conducted a telephonic scheduling conference with the parties.  Following the conference, and pursuant to the parties' agreement, the court entered a scheduling order (ECF No. 26) setting the case for a later status and scheduling conference, and deferring the court's customary detailed scheduling order until such time that certain aspects of a then-pending related criminal case against defendant Smith in the District Court of Johnson County, Kansas became more clear.  Due to subsequent status reports submitted by the parties indicating that the related Johnson

---

[1] A magistrate judge's order denying a motion to amend is a dispositive ruling, which is why the undersigned issues a report and recommendation to the district judge rather than deciding the issue outright.  *See Rx Sav., LLC v. Besch*, No. 19-2439-DDC, 2019 WL 8014669, at *3 (D. Kan. Oct. 11, 2019), *report and recommendation adopted*, No. 19-2439-DDC-JPO, 2019 WL 6974959 (D. Kan. Dec. 20, 2019).

[2] ECF No. 1.

County criminal matter remained ongoing, the follow-up status and scheduling conference was ultimately delayed until February 8, 2021.[3]

On February 8, 2021, following resolution of the Johnson County criminal matter, the court entered an amended scheduling order (ECF No. 34), setting a deadline of March 15, 2021, for any motions to amend. The second amended scheduling order (ECF No. 49), entered July 29, 2021, did not alter this deadline.

Plaintiff filed the instant motion to amend on August 12, 2021, seeking to add assault and battery claims against defendant Smith. Plaintiff argues the proposed amendment is justified by defendant Smith's guilty plea for battery in the related Johnson County criminal case, entered December 3, 2020, and that no party will be unduly prejudiced by the amendment. Defendant Smith argues the allegations of battery and the pending criminal charges were known to plaintiff and discussed with the court in May of 2020, and that the amended scheduling order was only entered after the criminal matter was resolved. Defendant Smith further claims she will be prejudiced by the amendment in light of fast-approaching deadlines—namely, the close of discovery and the proposed pretrial order deadline, November 1, 2021, and November 12, 2021, respectively.[4]

**II.     Analysis**

---

[3] *See* ECF No. 32.

[4] Defendant SMSD has not filed an opposition to the motion to amend.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when justice so requires."[5] When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) also is implicated.[6] Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause." Thus, the Tenth Circuit has directed courts to use "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed."[7] As earlier mentioned, in this case the amended scheduling order set a deadline of March 15, 2021, for the parties to file any motions to amend their pleadings. Because plaintiff didn't file the instant motion until August 12, 2021, the court will begin its analysis by applying Rule 16's good-cause standard.

To establish "good cause" under Rule 16(b)(4), plaintiff must show she could not have met the March 15, 2021 scheduling-order deadline for amending pleadings despite her "diligent efforts."[8] In making this showing, plaintiff "must provide an adequate

---

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014).

[7] *Id.* at 1241.

[8] *Id.* at 1240.

4

explanation for any delay."[9]  The court recognizes that "while a scheduling order is not a frivolous piece of paper, idly entered . . . , rigid adherence to the . . . scheduling order is not advisable."[10]  Thus, the good-cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed."[11]  However, "[i]f the plaintiff knew of the underlying conduct but simply failed to raise tort claims, … the claims are barred."[12] Ultimately, a determination of whether a movant has shown good cause for modifying the scheduling order lies within the court's sound discretion.[13]

Plaintiff seeks to amend her complaint to assert two new intentional tort claims against defendant Smith.  But plaintiff has failed to show good cause for amending her complaint after the scheduling-order deadline.  As observed by defendant Smith, plaintiff's motion fails to explain her delay in seeking amendment, or even to acknowledge the March 15, 2021 deadline for motions to amend. In her reply brief, plaintiff candidly admits she

---

[9] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[10] *Nevarez v. Cty. Of Finney Cty., Kansas*, No. 04-2309-KHV, 2005 WL 8160610, at *1 (D. Kan. Mar. 22, 2005) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[11] *Gorsuch*, 771 F.3d at 1240 (internal citations omitted).

[12] *Id.*

[13] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

"fail[ed] to initially provide good cause," and claims for the first time that her failure to timely seek amendment of the complaint "relates back to the excessive timeliness of the criminal process and ultimate plea."[14]

Even considering new arguments raised in a reply brief, plaintiff's vague reference to the duration of the criminal proceedings and ultimate plea fail to explain why plaintiff could not comply with the March 15, 2021 deadline. The guilty plea relied on by plaintiff was entered December 3, 2020—i.e., more than two months before the court entered its amended scheduling order setting the March 15, 2021 deadline to amend pleadings; more than three months before the March 15, 2021 deadline to amend pleadings expired; and more than eight months prior to the filing of the instant motion to amend. Moreover, plaintiff does not dispute that the underlying conduct and the criminal charges were known to her and discussed with the court at the status conference conducted on May 27, 2020.

The undersigned finds that plaintiff has not met the good-cause standard set forth in Rule 16(b)(4). But it bears mentioning that she also has not satisfied the Rule 15(a)(2) standard for amendment of pleadings. As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by

---

[14] ECF No. 57 at 1.

amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[15]

"Under Rule 15(a)(2), 'denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay.'"[16] "[U]ntimeliness alone may be a sufficient basis for denial of leave to amend. Prejudice to the opposing party need not also be shown."[17] When determining whether a party has "unduly delayed" in seeking amendment, the "[e]mphasis is on the adjective."[18] "Lateness does not of itself justify the denial of the amendment."[19] Rather, the Tenth Circuit has directed that the court's focus should be on "the reasons for the delay."[20] Here, plaintiff explains her delay in seeking amendment only by referencing criminal proceedings culminating in a guilty plea more than eight months prior to filing the instant motion to amend. Although plaintiff emphasizes that discovery remains open, the deadline for the completion of all discovery is November 1, 2021, with defendants' experts to be disclosed by October 12, 2021. Given

---

[15] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[16] *Martinez v. Target Corp.*, 384 F. App'x 840, 846 (10th Cir. 2010) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

[17] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (internal quotations and citations omitted).

[18] *Minter*, 451 F.3d at 1205.

[19] *Id.* (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[20] *Id.* at 1206.

7

the additional proposed claims, defendant Smith would require time to plead her defenses, and the deadlines set in the second amended scheduling order (ECF No. 49) would almost certainly require extension. In light of plaintiff's undue delay, the undersigned recommends plaintiff's motion to amend be denied.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

IT IS THEREFORE RECOMMENDED that Judge Robinson deny plaintiff's motion for leave to file an amended complaint (ECF No. 52).

Dated September 10, 2021, at Kansas City, Kansas.

                                                 s/ James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge