**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**S.G., individually and as guardian of H.C.,**

**Plaintiff,**

**v.**

**SHAWNEE MISSION SCHOOL DISTRICT, USD NO. 512, et al.,**

**Defendants.**

**Case No. 20-2078-JAR-ADM**

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff S.G's Objections to the Court's June 30, 2022 Memorandum and Order Denying Plaintiff the Right to Use Evidence Produced by Defendant in Discovery (Doc. 119) issued by Magistrate Judge Angel D. Mitchell.[1] The matter is fully briefed and the Court is prepared to rule. As described more fully below, Plaintiff's objections are overruled and denied.

## I. Background

On February 6, 2019, H.C. transferred from a different school district to Shawnee Mission Unified School District No. 512 ("SMSD"), where she began attending kindergarten at Bluejacket-Flint Elementary School ("Bluejacket-Flint"). Her classroom teacher was Defendant Crystal Smith. On February 21, 2019, H.C. went with her class to the library, where Sheryl Cantwell was the librarian. When the library period was over, Smith returned to the library to collect her students. H.C. became upset and hid in a bookshelf. Smith physically removed H.C. from the bookshelf and kicked her. H.C. was then taken to the classroom of a resource teacher,

[1] Doc. 115.

Kaitlin Barnard. After H.C. calmed down, Barnard took her back to Smith's classroom. No one at the school told H.C.'s parents about the incident, who found out about the abuse when Plaintiff S.G. picked up H.C. from school that day, and H.C. told her about it. Plaintiff went to the school to try to find out what happened. After Plaintiff spoke with school staff, they reviewed a video of the incident. SMSD investigated further, and terminated Smith's employment because of the abuse.

Plaintiff brought this action on behalf of H.C. against SMSD; Heather Ousley, the President of SMSD Board of Education; Teddi Pendland, the Principal at Bluejacket-Flint; and Smith.[2] Count I asserts a claim against Smith arising from the assault. Plaintiff's other claims center around Defendants' alleged failure to follow the SMSD's Emergency Safety Intervention Policy.[3] Plaintiff describes the policy as:

> District Policy "GAAF" (Emergency Safety Intervention) identifies when an intervention can take place and how it is to be managed. The policy demands all staff members be trained consistent with nationally recognized training programs regarding the use of positive behavioral strategies, de-escalation techniques, and prevention techniques. GAAF also mandates parent communication and almost immediate documentation.[4]

Count II asserts a claim against SMSD pursuant to 42 U.S.C. § 1983 for denying H.C.'s liberty interest in bodily integrity under the Fourteenth Amendment, based on SMSD's alleged failure "to adequately train employees on the proper handling of events that require de-escalation or verbal rather than physical assistance in violation of [SMSD's] own policies."[5] Count III asserts a Kansas common-law negligence claim against SMSD and Pendland, based on

---

[2] Doc. 1. The lawsuit was originally filed in Johnson County District Court, and removed by Defendants to this Court. Doc. 20.

[3] Doc. 1 ¶¶ 50–62.

[4] *Id.* ¶ 64.

[5] *Id.* ¶ 83.

Defendants' alleged failure "to adequately train and supervise teachers" and failure to "train Smith on the proper handling and reporting of student care and de-escalation in intervention situations," which gave Smith "free reign to assault H.C. while it was completely ignored by staff, including Pendland, until [Plaintiff] demanded answers."[6] Count IV asserts a negligent hiring claim against SMSD and Pendland for hiring Smith despite knowing her prior employer would not have re-hired her.[7]

After Defendants Ousley and Pendland filed motions to dismiss, Plaintiff voluntarily dismissed her claims against them.[8] The court initially stayed the case pending resolution of a criminal case in Johnson County District Court against Smith for her abuse of H.C.,[9] which was subsequently resolved by Smith pleading guilty to battery. On February 8, 2021, Judge Mitchell entered a scheduling order setting a deadline of March 15, 2021, for any motions to amend the pleadings and a deadline of August 31, 2021, to complete discovery.[10] The discovery deadline was extended to November 1, 2021.[11] On October 1, 2021, the court denied Plaintiff's motion to amend her complaint to add assault and battery claims against Smith based on her guilty plea in the state court criminal case.[12] The court denied the motion as untimely because the December 2020 guilty plea was well before the February 8, 2021 scheduling conference and the March 15, 2021 deadline for motions to amend the pleadings.[13] The court subsequently extended the

[6] *Id.* ¶¶ 90–92.

[7] *Id.* ¶¶ 12–14, 96.

[8] Doc. 20.

[9] Doc. 26.

[10] Doc. 34.

[11] Docs. 48–49.

[12] Doc. 60.

[13] *Id.*

discovery deadline twice, to December 31, 2021, and then to January 31, 2022.[14] Plaintiff ultimately settled her claims against Smith.[15] While the settlement process was underway, the court extended the pretrial order deadlines.[16]

The only claims remaining are failure-to-train and failure-to-supervise claims against SMSD. After discovery was complete, and during the process of drafting the final pretrial order, a dispute arose about whether certain aspects of Plaintiff's claims should be included in the pretrial order. Plaintiff sought to include the following in her factual contentions:

> Plaintiff had an Individualized Education Plan ("IEP") in place at her prior school that was to be continued at Bluejacket-Flint upon her enrollment. Despite the prior school district sending the IEP to Bluejacket-Flint, no IEP was immediately put in place. As a result, Plaintiff did not get the specific care she needed, including specific manners to allow her to calm down when made upset and Plaintiff's teacher was not properly informed of the care she needed.[17]

To address this new contention, SMSD included in the draft pretrial order an affirmative defense that it "objects to any claims asserted by Plaintiff which were not previously asserted in Plaintiff's Complaint . . . or not identified or disclosed during discovery."[18] SMSD's concern at that time was that Plaintiff was attempting to add a claim under the Individuals with Disabilities Act ("IDEA").

Following the first pretrial conference and based on Plaintiff's assurance that she was not seeking to pursue an IDEA claim, Judge Mitchell ordered the parties to resubmit a revised draft

[14] Docs. 67–68, 75–76.

[15] Docs. 81, 85, 88, 94.

[16] Docs. 83, 87, 91.

[17] Docs. 103-5, 103-6.

[18] Doc. 103-7.

of the proposed pretrial order that focused on their factual and legal contentions on the remaining claims.[19]

The April 20, 2022 revised proposed pretrial order ("Revised Draft") included Plaintiff's factual contentions about H.C.'s IEP/BIP that SMSD did not "put it in place" before Smith's abuse of H.C., including SMSD's failure to train its staff on the BIP provisions regarding specific interventions for H.C.[20] Specifically, Plaintiff added the following to her contentions:

> Despite H.C.'s prior school district sending her IEP to Bluejacket-Flint, USD No. 512 did not immediately put it in place. As a result, school staff did not provide H.C. the specific care she needed, including following the Behavior Intervention Plan in place for H.C. which outline procedures to address H.C.'s behavior such as focusing on positives before using correction, using certain words to initiate a calming strategy or specifically leaving her alone to allow her to calm down when she became upset. Because of this, USD 512 did not properly train its staff, including Smith, of the necessary and appropriate care H.C. needed.[21]

The Revised Draft also included a change to Plaintiff's Count III negligence claim; the first draft asserted that SMSD was negligent in "training and supervision of teachers,"[22] and the Revised Draft added "as well as [by failing] to properly supervise H.C. while in its care."[23]

Judge Mitchell reconvened the pretrial conference on April 28, 2022, where Plaintiff again asserted that her claims are based, in part, on SMSD's alleged failure to implement and train school staff on H.C.'s IEP/BIP.[24] Plaintiff also confirmed that she was asserting that SMSD, through Cantwell, was negligent in failing to supervise both Smith and H.C. while they

---

[19] Doc. 93; *see* Doc. 115 at 6 n.2 (clarifying that Plaintiff does not seek to add a claim for failure to implement the IEP under the IDEA).

[20] Doc. 103-8 at 6–7.

[21] *Id.*

[22] Doc. 103-7 at 7.

[23] Doc. 103-8 at 9.

[24] Doc. 95.

were in the library. SMSD objected to inclusion in the pretrial order of any allegations or legal theories based on the IEP or alleged failure to supervise H.C., and directed the court to SMSD's Interrogatory Nos. 8 and 9, which required Plaintiff to identify the facts supporting her failure-to-train and failure-to-supervise claims. After reviewing the record and hearing the parties' initial arguments, Judge Mitchell informed the parties she would not include Plaintiff's allegations concerning SMSD's alleged failure to implement and train staff on H.C.'s IEP in the pretrial order, absent granting Plaintiff leave to amend, because that issue was not properly in the case.[25]

Plaintiff subsequently moved for leave to amend the complaint and pretrial order to conform to the evidence,[26] and SMSD filed a motion under Fed. R. Civ. P. 37(c) objecting to Plaintiff's inclusion of certain contentions and claims in the pretrial order.[27] On June 30, 2022, Judge Mitchell issued a Memorandum and Order denying Plaintiff's motion for leave to amend and granting in part SMSD's motion.[28] Specifically, Judge Mitchell held that the motion for leave to amend was untimely, Plaintiff did not demonstrate good cause, and unduly delayed in moving to amend.[29] The court stressed that Plaintiff had no adequate explanation for failing to bring her proposed IEP-based allegations at the inception of the case or so moved or expanded them by way of her response to SMSD's interrogatories approximately a year ago, while discovery was ongoing. The court further found that SMSD would be unduly prejudiced by the proposed amendment because it had no motive or opportunity to conduct discovery on allegations that it failed to train and supervise teachers about H.C.'s IEP. Reopening discovery

---

[25] Doc. 115 at 6.
[26] Doc. 97.
[27] Doc. 102.
[28] Doc. 115.
[29] *Id.* at 6–16.

would also prejudice SMSD by further delaying resolution of the case and subjecting it to the time and expense of further discovery.

The court also precluded Plaintiff from relying on these factual contentions as grounds to support her failure-to-train claims.[30] However, the court did include factual contentions in the pretrial order about Cantwell's failure to intervene and supervise H.C. in the library. Finally, the court ordered that the Pretrial Order entered concurrently with its Memorandum and Order be the operative pleading in the case and set the dispositive motion deadline on July 14, 2022.[31]

Plaintiff's motion seeking review of Judge Mitchell's order followed. This Court subsequently granted SMSD's motion to extend its deadline to file dispositive motions until fourteen days after it rules on the matter before it.[32]

## II.  Standard

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. "[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend for reasons other than futility is a nondispositive order."[33] Because Judge Mitchell did not deny the motion to amend on the basis of futility, and did not issue a report and recommendation to the undersigned, her June 30, 2022 order is nondispositive.

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order "is clearly

---

[30] *Id.* at 16–20.

[31] *Id.* at 20; Doc. 116.

[32] Doc. 122.

[33] *Sprint Commc'ns Co. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D. Kan. Feb. 14, 2014) (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011)).

erroneous or is contrary to law."[34] "The clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[35]

## III. Discussion

### A. Plaintiff's Motion for Leave to Amend to Add Allegations Regarding the IEP

Judge Mitchell found that the proposed facts and contentions about H.C.'s IEP constitute a new theory of recovery and are thus the equivalent of seeking leave to amend the complaint. Plaintiff objects that she has not and does not seek to amend her Complaint to add any additional claims or parties but, instead, merely seeks to use evidence obtained through discovery to further her allegations that SMSD failed to properly follow de-escalation requirements, and thus a motion seeking leave to amend to conform to the evidence should not be required.

As Judge Mitchell noted, Plaintiff does not seek to add any claim for failure to implement the IEP under the IDEA. Nonetheless, until the pretrial conference, Plaintiff's § 1983 and negligence claims asserted that SMSD failed to follow or train staff on district policy on the use of positive behavioral intervention strategies, de-escalation techniques, and prevention techniques in general. The Court agrees with Judge Mitchell that Plaintiff's evidence regarding the IEP is not merely amplification of her existing claims, but presents a different theory or kind of negligence that is distinct from that alleged in the Complaint and disclosed in discovery. Plaintiff is effectively asserting a theory that SMSD did not provide H.C. a specific level of care that she needed, and that it failed to train staff, including Smith, on the specific level of care that H.C. needed. This is distinct from Plaintiff's theory that SMSD failed to train on its generally

---

[34] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015) (quoting Fed. R. Civ. P. 72(a)).

[35] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

applicable policies.[36]  Thus, Judge Mitchell did not err in requiring Plaintiff to seek leave to amend to assert this new theory.

Further, Judge Mitchell applied the correct legal standard to Plaintiff's attempt to amend at the time of the pretrial conference.  "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[37]  Thus, Plaintiff must meet both the Rule 16 good-cause standard and the more lenient Rule 15 standard.[38]  Rule 16(b)(4) permits modifications to the scheduling order only for good cause, which requires a showing by the moving party that it could not have met the deadlines despite diligent efforts.[39]  A party cannot establish good cause if it knows of "the underlying conduct but simply failed to raise [its] claims."[40]  However, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."[41]

Judge Mitchell's ruling that Plaintiff failed to satisfy this Rule 16(b)(4) standard is not clearly erroneous or contrary to law.  The record indicates that Plaintiff knew of the allegedly "new" information about the IEP at the time she filed her case.  Although SMSD produced the IEP in response to Plaintiff's requests for production on May 19, 2021, Plaintiff did not seek leave to amend at that time, but instead served interrogatory responses that "conspicuously

---

[36] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (explaining a plaintiff's attempt to add new theories to the pretrial order is the equivalent of seeking leave to amend the complaint).

[37] *See* Doc. 115 at 6 (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*. 771 F.3d 1230, 1240 (10th Cir. 2014)).

[38] *Gorsuch*, 451 F.3d at 1240.

[39] *Husky Ventures, Inc. v. B55 Inv., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018).

[40] *Birch v. Polaris, Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015) (alteration in original) (quoting *Gorsuch*, 771 F.3d at 1240).

[41] *Gorsuch*, 771 F.3d at 1240 (citation omitted).

omitted mentioning" the IEP/BIP as the basis for her failure-to-train and failure-to-supervise claims."[42]  Indeed, Plaintiff waited for nearly a year to include these additional facts, until the pretrial order was being finalized.  Plaintiff's only explanation for this delay is that the IEP was mentioned during various depositions.  But as Judge Mitchell points out, this "only demonstrates why [Plaintiff's] delay was so egregious.  If [Plaintiff] wanted to expand her failure-to-train and failure-to-supervise claims to rely on SMSD's failure to implement H.C.'s IEP/BIP, SMSD's Interrogatory Nos. 8 and 9 gave her the opportunity to do so,"[43] which would have given SMSD fair notice of this aspect of the claim.  The Court agrees that this does not demonstrate diligence on Plaintiff's part, but rather, establishes the opposite.  For these reasons, the Court concludes that Judge Mitchell did not clearly err or act contrary to law in finding that Plaintiff failed to show good cause for modification of the scheduling order under Rule 16(b).

The Court further concludes that Judge Mitchell did not clearly err in alternatively denying the amendment under Rule 15(a).  Although her Rule 16(b)(4) ruling ended the analysis, Judge Mitchell proceeded to apply the correct legal standard for amendment of a claim under Rule 15(a).  A court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."[44]  Judge Mitchell correctly ruled that granting Plaintiff leave to amend would cause undue delay and the potential for undue prejudice to SMSD.[45]  As previously discussed, Plaintiff offers no explanation as to why she waited until the

---

[42] Doc. 115 at 8.

[43] *Id.* at 9.

[44] *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[45] As noted, the court did not deny Plaintiff's motion on futility grounds.  Doc. 115 at 14–15.

pretrial conference to assert her allegation that SMSD's failure to train its staff on the IEP's provisions supports her remaining claims.[46] As Judge Mitchell noted, discussing the IEP and SMSD's failure to implement it is "wholly different from asserting claims based on it."[47] And allowing Plaintiff's proposed amendment at this late stage of the proceeding—where discovery has long been closed and the dispositive motions deadline and trial date have been set—would prompt significant delay and unduly prejudice SMSD.

Accordingly, Judge Mitchell did not clearly err in finding that Plaintiff acted with undue delay and that SMSD would be unduly prejudiced. The Court overrules Plaintiff's objection on these grounds.

### B. Exclusion of Factual Contentions from Pretrial Order

Even if Plaintiff was not required to seek leave to amend her Complaint or the pretrial order, Judge Mitchell properly excluded the new factual contentions about the IEP under Rule 37(c). As a sanction for failing to disclose information required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[48] "This includes striking liability theories that were not disclosed in response to contention interrogatories."[49] "Although the rule, by its plain terms, only applies to information or witnesses used in conjunction with 'a motion, at a hearing, or at trial,' courts have also applied this rule when allowing or omitting

[46] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (noting similarity between the good cause standard of Rule 16(b) and the undue delay analysis under Rule 15).

[47] Doc. 115 at 11.

[48] Fed. R. Civ. P. 37(c)(1).

[49] *Lenexa 95 Partners, LLC v. Kin, Inc.*, No. 20-2367-JWB-ADM, 2021 WL 2477008, at *4 (D. Kan. June 17, 2021) (collecting cases).

information in a pretrial order would have the effect of allowing or disallowing previously undisclosed information."[50]

The court has discretion to determine when a Rule 26(e) violation is substantially justified or harmless.[51] In making this determination, the court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[52] The party opposing sanctions under Rule 37(c)(1) bears the burden to show substantial justification or harmlessness.[53]

Here, SMSD asked the court to preclude Plaintiff from relying on information about SMSD's alleged failure to implement H.C.'s IEP or to train staff about the IEP. In granting the motion, Judge Mitchell found that, although Plaintiff knew an IEP existed for H.C. at the time she filed her case, she did not mention the IEP in her Complaint or seek leave to amend after SMSD produced the IEP in discovery; did not mention the IEP in her initial disclosures, in her response to contention interrogatories, or in response to document requests; nor did she supplement her initial disclosures or responses after learning more about the IEP through discovery.

In her objections to Judge Mitchell's order, Plaintiff argues that there is no dispute that everyone knew that H.C. had an IEP, which precludes SMSD's request that such evidence be removed from the pretrial order under Rule 37(c). But this argument fails to demonstrate that Judge Mitchell's ruling was either clearly erroneous or contrary to law. The court rejected

[50] *Id.* (collecting cases).

[51] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017).

[52] *Id.*

[53] *See Fish v. Kobach*, 309 F. Supp. 3d 1408, 1115 (D. Kan. 2018), *aff'd sub nom. Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020).

Plaintiff's argument that the IEP was in SMSD's possession and that precluding it under Rule 37(c) would be an unduly harsh penalty, explaining that "the issue is not whether SMSD knew H.C. had an IEP and knew its own actions with respect to training (or not training) staff about that IEP. Rather, the relevant inquiry is whether [Plaintiff] identified such information as a basis of any theory of recovery."[54]

Plaintiff did not give any indication that she was relying on the IEP to support her claims during discovery. Specifically, she violated Rule 26(e) when she failed to supplement her response to SMSD's contention Interrogatory No. 8 with this information, which required her to state the facts supporting her failure-to-train claim, including identifying any improper or additional training SMSD should have provided.[55] Instead, Plaintiff's response referred to training on "(1) the steps to be taken when a physical altercation is reported; (2) recognizing unsafe behaviors; (3) appropriate response to student behaviors; (4) general response to crisis situation; and (5) de-escalation tactics."[56] Likewise, Plaintiff's response to Interrogatory No. 9 regarding her failure-to-supervise claim referred to a violation of district policy, not a violation of H.C.'s IEP.[57] Based on these considerations, Judge Mitchell found that Rule 37(c) counsels against allowing Plaintiff to include IEP-based factual contentions and legal theories in the pretrial order.

Judge Mitchell further found, albeit in the context of considering whether to grant Plaintiff leave to amend, that SMSD would be prejudiced if Plaintiff is permitted to belatedly add new contentions about the IEP in the pretrial order. "New claims, defenses, or theories

---

[54] Doc. 115 at 17.

[55] Id. at 8.

[56] *Id.* (citing Doc. 103-3 at 2–3).

[57] *Id.* (citing Doc. 103-3 at 3–4).

appearing for the first time in the pretrial order 'deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice.'"[58]  Judge Mitchell found that SMSD would be prejudiced because it has not had the opportunity to assert affirmative defenses or bring early motions to dismiss under Rule 12 challenging the contentions; that SMSD has not had the opportunity to identify potential expert witnesses to discuss services needed under the IEP and whether training teachers in those service would have prevented Smith's abuse of H.C.; and that prejudice cannot be cured because discovery has been closed for months.

For these reasons, the Court cannot find that Judge Mitchell's well-reasoned and detailed ruling on this ground was clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the Court's June 30, 2022 Memorandum and Order (Doc. 119) are **overruled and denied**.

**IT IS FURTHER ORDERED** that the dispositive motions deadline is extended to fourteen (14) days from the date of this order, or **September 7, 2022**; the trial date is also continued accordingly to **May 9, 2023**.

**IT IS SO ORDERED.**

Dated: August 24, 2022

             S/ Julie A. Robinson
             JULIE A. ROBINSON
             UNITED STATES DISTRICT JUDGE

---

[58] *Lenexa 95 Partners, LLC v. Kin, Inc.*, No. 20-2367-JWB-ADM, 2021 WL 2477008, at *5 (D. Kan. June 17, 2021) (quoting *Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019)).